UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DINO JAY SCHWERTZ                                              CIVIL ACTION

VERSUS                                                         NO. 08-5199

FREDDY DREMANN, ET AL.                                         SECTION: "J"(3)

## REPORT AND RECOMMENDATION

Plaintiff, Dino Jay Schwertz, a state pretrial detainee, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, against Slidell Police Chief Freddy Dremann, along with Slidell Police Detectives Stan Rabalais, Charles Tabor, and Nicky Mistrelta. Plaintiff claims that he was wrongfully arrested in that his confession was made under duress, while he was being abused by defendants and while he was under the influence of alcohol and prescription drugs. Subsequent to his arrest, plaintiff suffered a mild stroke because he was not provided with his blood pressure medicine and lost his job because he was unable to report to work. Plaintiff alleges that defendants wrongfully placed him in jail, but let "the real people", i.e., the actual perpetrators of the crime, go free. In relief, plaintiff seeks his release from custody, requesting that the charges against him be dropped. Plaintiff also seeks to have defendants fired from their jobs and seeks compensation for

his loss of wages, along with the anguish that he and his family have suffered as a result of defendants' wrongful actions.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1]  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (I) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

The court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Although broadly construing plaintiff's complaint,[2] the undersigned nevertheless recommends that, for the following reasons, plaintiff's claims be stayed and the case be closed.

Plaintiff, on page three of his complaint, sets forth March 11, 2008, as his "date of arrest", but sets forth no "date of conviction". To the extent plaintiff is seeking release pending his state criminal trial, that relief is not available in a federal civil rights action. When a state inmate challenges the very fact or duration of his physical imprisonment, and the relief he seeks is immediate release or a speedier release, his sole federal remedy is a writ of *habeas corpus*. Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994) (quotation marks omitted). If plaintiff wishes to pursue that form of relief, he should do so by attempting to file a federal *habeas corpus* petition *after* exhausting his remedies in state court.[3]

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] Further, out of an abundance of caution, the court notes that it would be futile to broadly construe the complaint as a petition seeking *habeas corpus* relief pursuant to 28 U.S.C. § 2241. It

To the extent that plaintiff is suing defendants under § 1983 for wrongful arrest/false

---

is clear that a petitioner seeking relief from a federal court under § 2241 normally must first have exhausted his claims in the state courts. The United States Fifth Circuit Court of Appeals has held:

> Section 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.
> The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.

Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). The Court of Appeals has further held:

> [A] claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)).

Therefore, a Louisiana pretrial detainee generally cannot proceed to federal court pursuant to § 2241 unless he has first presented his claims to and received an adjudication from the state's highest court, the Louisiana Supreme Court, in a procedurally proper manner. Plaintiff has not met that requirement. A legal search reveals that the Louisiana Supreme Court has issued no adjudication with regard to plaintiff. Because the Louisiana Supreme Court has never been afforded a "fair opportunity" to pass upon plaintiff's claims, the claims would not be exhausted. Accordingly, the interests of comity and abstention recognized in Dickerson and Braden would be offended if this court were to address the claims. Federal intervention at this juncture would only serve to disrupt the state judicial processes.

imprisonment, said claims should be stayed until the state criminal proceedings are concluded. Indeed, if plaintiff had already been convicted, this court would be barred from considering plaintiff's claims by Heck v. Humphrey, 512 U.S. 477 (1994).[4] However, the United States Supreme Court recently made clear that Heck does not bar "an action which would impugn *an anticipated future conviction....*" Wallace v. Kato, 127 S.Ct. 1091, 1098 (2007) (emphasis in original). Nevertheless, the Supreme Court likewise made clear that does not mean that federal courts should forge ahead with cases in which similar considerations exist. Rather, the Supreme Court held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is

---

[4] In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Heck bars claims for wrongful arrest and/or false imprisonment until such time as plaintiff obtains a favorable disposition on the underlying criminal charges. See Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995); Thompson v. City of Galveston, 979 F. Supp. 504, 507 (S.D. Tex. 1997), aff'd, 158 F.3d 583 (5th Cir. 1998); see also Vicknair v. St. John the Baptist Parish, Civil Action No. 97-3690, 1998 WL 104669, at *4 (E.D. La. Mar. 5, 1998) (Wilkinson, M.J.) (adopted by Clement, J., on Apr. 9, 1998).

ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Id. (citations omitted). Therefore, under that reasoning, plaintiff's § 1983 claims against defendants should be stayed.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's § 1983 claims be **STAYED** and that the Clerk of Court be directed to mark this action **CLOSED** for statistical purposes.

It is **FURTHER RECOMMENDED** that the Court retain jurisdiction and that the case be restored to the trial docket upon plaintiff's motion once his state criminal prosecution is concluded, so that the § 1983 claims against defendants may proceed to final disposition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifteenth day of January, 2009.

ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Id. (citations omitted). Therefore, under that reasoning, plaintiff's § 1983 claims against defendants should be stayed.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's § 1983 claims be **STAYED** and that the Clerk of Court be directed to mark this action **CLOSED** for statistical purposes.

It is **FURTHER RECOMMENDED** that the Court retain jurisdiction and that the case be restored to the trial docket upon plaintiff's motion once his state criminal prosecution is concluded, so that the § 1983 claims against defendants may proceed to final disposition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifteenth day of January, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**